UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

Trustee of the LOCAL 7 TILE INDUSTRY
WELFARE FUND, Trustees of the LOCAL 7
TILE INDUSTRY ANNUITY FUND, Trustees            **MEMORDANDUM & ORDER**
of the TILE LAYERS LOCAL UNION 52               12-CV-6143 (MKB)
PENSION FUND, Trustees of the
BRICKLAYERS & TROWEL TRADES
INTERNATIONAL PENSION FUND, and
Trustees of the INTERNATIONAL
MASONRY INSTITUTE,

       Plaintiffs,

    v.

RICHARD'S IMPROVEMENT BUILDING,
INC.,

       Defendant.

-----------------------------------------------------------------x

MARGO K. BRODIE, United States District Judge:

  Trustees of the Local 7 Tile Industry Welfare Fund, the Local 7 Tile Industry Annuity Fund, and the Tile Layers Local Union 52 Pension Fund ("Local 7 Benefit Funds"), and Trustees of the Bricklayers & Trowel Trades International Pension Fund and the International Masonry Institute ("International Benefit Funds") (collectively the "Trustees") filed a Complaint on December 14, 2012, against Defendant Richard's Improvement Building, Inc. (Docket Entry No. 1.) The Trustees brought this action pursuant to §§ 502(a)(3) and 515 of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1132(a)(3) and 1145, and § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, to recover damages under ERISA and relevant collective bargaining agreements. The Trustees filed an Amended Complaint on January 11, 2013. (Docket Entry No. 5.) Although properly served with copies of the summonses, Complaint and Amended Complaint, (Docket Entry Nos. 4, 6), Defendant failed

to appear or otherwise defend against this action. On February 5, 2013, the Clerk of Court noted Defendant's default. (Docket Entry No. 8.) The Trustees subsequently moved for a default judgment. (Docket Entry No. 9.) By Report and Recommendation ("R&R") dated July 12, 2013, Magistrate Judge Ramon E. Reyes, Jr. recommended that default judgment be entered against Defendant in the amount of $560,845.77, consisting of: (1) $353,894.13 in total unpaid contributions ($302,085.10 for the Local 7 Benefit Funds and $51,809.03 for the International Benefit Funds); (2) $132,296.36 in prejudgment interest ($104,713.77 for the Local 7 Benefit Funds and $27,582.59 for the International Benefit Funds); (3) $63,881.28 in liquidated damages ($56,361.67 for the Local 7 Benefit Funds and $7,519.61 for the International Benefit Funds); (4) $1,079 in attorneys' fees and costs; (5) $9,695 in audit fees ($8,274.03 for the Local 7 Benefit Funds and $1,420.97 for the International Benefit Funds); and (6) post-judgment interest pursuant to 28 U.S.C. § 1961. (Docket Entry No. 10.) No objections were filed.

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "Failure to object to a magistrate judge's report and recommendation within the prescribed time limit 'may operate as a waiver of any further judicial review of the decision, as long as the parties receive clear notice of the consequences of their failure to object.'" *Sepe v. New York State Ins. Fund*, 466 F. App'x 49, 50 (2d Cir. 2012) (quoting *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997)); *see also Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010) ("[A] party waives appellate review of a decision in a magistrate judge's Report and Recommendation if the party fails to file timely objections designating the particular issue.").

The Court has reviewed the unopposed R&R, and, finding no clear error, the Court adopts Judge Reyes's R&R in its entirety pursuant to 28 U.S.C. § 636(b)(1). The Clerk of Court is directed to enter a default judgment against Defendant.

SO ORDERED:

   /S MKB
MARGO K. BRODIE
United States District Judge

Dated: August 1, 2013
      Brooklyn, New York